UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ANGELA K. TATE, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 5:07-CV-2042 -LSC |
| | ] |
| MICHAEL J. ASTRUE,[1] | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The plaintiff, Angela K. Tate, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Ms. Tate timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of the Social Security Administration. Therefore, pursuant to Federal Rule of Civil Procedure 25(d)(1), Astrue is substituted for Jo Anne B. Barnhart as the proper defendant in this case.

Ms. Tate was thirty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has two years of college education. (Tr. at 23.) Her past work experiences include employment as a teacher's aide, waitress, preschool teacher, and salesclerk. (*Id.*) Ms. Tate claims that she became disabled on January 22, 2005,[2] due to a combination of the following impairments: panic attacks, anxiety, depression, and irritable bowel syndrome. (*Id.* at 19.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I). If he or she is, the claimant is not disabled and the evaluation stops. (*Id.*) If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments

---

[2]Ms. Tate made an earlier application for benefits in September 2002, which received an unfavorable decision on January 21, 2005, a decision that was subsequently affirmed by the district court. On October 16, 2006, at the administrative hearing for the present matter, Ms. Tate properly amended her alleged onset date of disability to January 22, 2005 (from the originally claimed onset date of July 25, 2001), the day after the unfavorable ruling.

combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. (*Id.*) The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. (*Id.*) If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the

evaluation stops. (*Id.*) If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. (*Id.*) Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. (*Id.*)

Applying the sequential evaluation process, the ALJ found that Ms. Tate meets the non-disability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 18.) He further determined that Ms. Tate has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's combined impairments of depressive disorder, panic disorder/anxiety, history of obstructive sleep apnea, history of recurrent colitis, and obesity are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments or combination of impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.* at 19.) The ALJ determined that she has the following residual functional capacity:

exertional work at the light to medium level with no more than moderate mental limitations. These moderate limitations affect her ability to: carry out detailed instructions; maintain attention and concentration for extended periods of time; perform activities within a schedule/ maintain regular attendance/ be punctual; to work in coordination with or in proximity to others without being distracted; complete a normal workday or workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number or length of rest periods, ability to interact appropiately with the general public; ability to accept instructions and respond to criticism; and the ability to respond appropriately to changes in the work environment. The ALJ found that she can occasionally lift up to 30 pounds with either hand, and 40-50 pounds with both hands, can sit at one time for one hour, stand at one time for 30 minutes, and walk at one time for one mile, sit for six out of eight hours, and stand/walk for six out of eight hours. (*Id*. at 19.)

According to the ALJ, Ms. Tate is unable to perform any of her past relevant work, she is a "younger individual," and she has a "at least a high school education (two years of college)" as those terms are defined by the

regulations. (*Id.* at 23.) He determined that transferability of job skills is not material to the determination of disability because the framework of the Medical-Vocational Rules supports a finding of "not disabled." (*Id.*) The ALJ found that Ms. Tate has the residual functional capacity to perform a range of light, unskilled jobs. (*Id.* at 24.) Ms. Tate has the residual functional capacity to perform light, unskilled work, but, because this base was eroded by additional limitations, the ALJ consulted a vocational expert as to whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. (*Id.*) The expert testified that Ms. Tate would be able to perform light, unskilled jobs such as photo copy machine operator, sorter, and folder, and that there were 1000, 6000, and 1100 regional jobs and 70,000, 200,000, and 65,000 national jobs, respectively, available in these categories. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.*)

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security

Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for

"despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion.

Ms. Tate alleges that the ALJ's decision should be reversed and remanded for one reason. She believes that the ALJ failed to properly consider each of her impairments in combination with one another as directed by 20 C.F.R. § 416.923.

20 C.F.R. § 416.923, Combined Psychological and Gastrointestinal Impairments, states:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see §§

416.920 and 416.924).

Thus, even if individual impairments, considered singly, are not disabling, the combined effect of multiple impairments may render a claimant disabled. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). The ALJ is therefore required to make specific and well-articulated findings concerning the combination of impairments and to decide whether the combination is disabling. *Id*. The Eleventh Circuit has held that an ALJ's statement that:

> [B]ased upon a thorough consideration of all evidence, the ALJ concludes the appellant is not suffering from any impairment, *or combination of impairments* of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months

is sufficient evidence of proper consideration of the claimant's combined impairments. *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1987). *See also Jones v. Department of Health and Human Serv's*, 941 F.2d 1529, 1553 (11th Cir. 1991) (holding that ALJ's statement that though claimant "'has severe residuals of an injury' he does not have 'an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4'" to be sufficient evidence of combined impairment consideration).

Plaintiff contends that the ALJ did not consider her psychological and gastrointestinal impairments in combination. (Doc. 8.) However, the ALJ's opinion demonstrates that he properly considered Ms. Tate's impairments, both individually and in combination, and that there is substantial evidence to support his finding. In arriving at this decision, the ALJ specifically weighed each of Ms. Tate's impairments, such as her "anxiety depression," (Tr. at 19.), her "long history of bowel problems," (*Id.* at 20.), her obesity, (*Id.*), and her corrected sleep apnea, (*Id.* at 21.) The ALJ also considered evidence that, despite Ms. Tate's claims, there was no evidence that she suffered from hand problems because there was no record of her having ever sought treatment or having reported muscoskeletal problems other than one time in 2004; at that time, testing was unable to reproduce her reported pain, and the treating physician could find no cause for her reported symptoms. (*Id.* at 20.) The ALJ also noted that Ms. Tate's numerous colon biopsies were negative for ulcerative colitis, and that her bowel problems resulted in her only occasionally being medicated for them; the evidence showed these episodes were in fact short-lived exacerbations occurring roughly every two years. (*Id.*) The ALJ also noted that Ms. Tate has

reported her height as 5' 4" and her weight, at various times, to be between 150 and 184 pounds. (*Id.*) However, the evidence showed her weight at 166 pounds during her last period of employment, and she has self-reported she can lift 30 pounds. (*Id.*) Accordingly, the ALJ concluded her obesity did not prevent her from performing at least light, and possibly medium, levels of exertion. (*Id.*) Additionally, the ALJ thoroughly and exhaustively considered Ms. Tate's "long history of depression and/or anxiety." (*Id.* at 21-22.)

      The ALJ also accepted the expert opinion of the state agency medical consultant, and he gave great weight to it after considering the "the totality of the medical record in this case, and the consistency of the findings of the state agency consultants with the objective record . . . ." (*Id.* at 21.) The state agency medical consultant's assessment found the claimant suffered from no more than moderate mental limitations." (*Id.* at 22.) The ALJ noted this finding to be consistent with reports and findings from medical examinations conducted from 2002 through 2005, (*Id.* at 23), as well as Ms. Tate's wide range of self-reported activities, including attending church, church classes, fishing, hiking, going on dates, camping, gardening, and collecting coins. (*Id.* at 21-22).

This thorough and comprehensive consideration of Ms. Tate's physical and mental impairments supports the ALJ's conclusion that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 19.) Under *Jones*, the ALJ's statement, in light of the substantial evidence specifically articulated by the ALJ in his opinion, sufficiently evidences consideration of the combined effects of Ms. Tate's impairments.

IV. Conclusion.

Upon review of the administrative record, and considering Ms. Tate's argument, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 27th day of March 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671